IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO NANO MUNGUIA,<br><br>Defendant. | CR 24-65-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant FERNANDO NANO MUNGUIA (Munguia) has been accused of violating conditions of his supervised release. (Docs. 60 and 68). Munguia admitted most of the alleged violations. Munguia's supervised release should be revoked. Munguia should be sentenced to custody for 4 months, with 32 months of supervised release to follow.

## II. Status

Munguia pled guilty on June 30, 2025, to the offense of Prohibited Person in Possession of Firearm, in violation of 18 U.S.C. § 922(g)(1)( a) as charged in Count 1 of the Indictment. (Doc. 42). Munguia was sentenced to custody for a term of 24

months, followed by three (3) years of supervised release. (Doc. 54). Munguia's current term of supervised release began on April 1, 2026.

**Petition**

On June 29, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Munguia' supervised release. (Doc. 60). The Petition alleged Munguia violated conditions of his supervised release by: (1) failing to comply with the rules and regulations of his residential reentry center placement between April and June of 2026; and (2) failing to reside at a residence approved by his probation officer by failing to return to his residential reentry placement on June 28, 2026, with is whereabouts unknown since that time.

**Initial Appearance**

Munguia appeared before United States Magistrate Timothy Cavan on the Court on August 24, 2026. Munguia was represented by counsel. Munguia stated that he had read the Petition and that he understood the allegations against him. Munguia waived his right to a preliminary hearing. A final revocation hearing was scheduled before the undersigned for September 15, 2026.

**Amended Petition**

On September 14, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Munguia' supervised release. (Doc. 68). The Amended Petition alleged Munguia additionally violated the conditions of his

supervised release by: (3) being terminated from his residential reentry placement on June 28, 2026; and (4) committing another federal, state, or local crime by being charged on August 20, 2026, in Yellowstone County District Court with the felony offense of Criminal Possession of Dangerous Drugs, in violation of Mont. Code Ann. § 45-9-102.

**Revocation hearing**

Munguia appeared before the Court on September 15, 2026. The parties consented to proceed with the revocation hearing before the undersigned. Munguia admitted the allegations set forth as allegations 1-3 in the Amended Petition. The Government moved to dismiss allegation 4, which the Court granted. Munguia's admitted violations, 1-3, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Munguia appeared before the Court on September 15, 2026. Munguia's violations are Grade C. His criminal history category is I. Munguia's underlying offense is a Class C felony. Munguia could be incarcerated for up to 24 months. Munguia could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Munguia's supervised release should be revoked. Munguia should be sentenced to custody for 4 months, with 32 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Munguia that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Munguia of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Munguia that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

**The Court FINDS**:

> That FERNANDO NANO MUNGUIA has violated the conditions of his supervised release by: (1) failing to comply with the rules and regulations of his residential reentry center placement between April and June of 2026; (2) failing to reside at a residence approved by his probation officer by failing to return to his residential reentry placement on June 28, 2026, with is whereabouts unknown since that time; and.(3) being terminated from his residential reentry placement on June 28, 2026.

**The Court RECOMMENDS**:

That the District Court revoke Munguia's supervised release and sentence Munguia to custody for 4 months, with 32 months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 15th day of September 2026.

John Johnston
United States Magistrate Judge